1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | THEODORA BERGER
Senior Assistant Attorney General
3 | SALLY MAGNANI KNOX
Supervising Deputy Attorney General
4 | DEBORAH R. SLON, State Bar No. 240839
Deputy Attorney General
5 |   1300 I Street, Suite 125
  P.O. Box 944255
6 | Sacramento, CA 94244-2550
  Telephone: (916) 327-7851
7 | Fax: (916) 327-2319
  Email: Deborah.Slon@doj.ca.gov
8 |
Attorneys for Plaintiff
9 | California Department of Toxic Substances Control

10 | RICHARD C. COFFIN, State Bar No. 70562
ESTIE A. MANCHIK, State Bar No. 239523
11 | BARG COFFIN LEWIS & TRAPP, LLP
  One Market - Steuart Tower, Suite 2700
12 | San Francisco, CA 94105-1475
  Telephone: (415) 228-5400
13 | Fax: (415) 228-5450
  Email: rcc@bcltlaw.com
14 |
Attorneys for Defendants
15 | Estate of Reitman and Audrey Berkson

16 |

17 |

18 | IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
19 |

20 |

21 | **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL** | Case No. CO7-02779 WDP

22 |                                             Plaintiff, | **CONSENT DECREE AND [PROPOSED] ORDER**

23 |             v.

24 | **ESTATE OF REITMAN, EX REL.AUDREY BERKSON, AND AUDREY BERKSON,**
25 | **EXECUTRIX,**

26 |                                             Defendants.

27 |

28 |

Consent Decree

1

## CONSENT DECREE

### INTRODUCTION

The Plaintiff California Department of Toxic Substances Control (the "Department") and Settling Defendants Estate of Reitman, ex rel. Audrey Berkson and Audrey Berkson, Executrix enter into this Consent Decree ("Decree" or "Consent Decree") in order to resolve Settling Defendants' alleged liability in connection with the releases and threatened releases of hazardous substances at a site in Alameda County, California (the "Site" as defined below).  In return for the payment to be made by Settling Defendants as set forth in this Decree, this Decree resolves Settling Defendants' liability for the cleanup and closure of the Site for all claims asserted in the complaint in this action, and for the payment of costs that have been or will be incurred with respect to environmental conditions at the Site, pursuant to the specific terms set forth below.

### Basis for Entry of this Decree.

This Consent Decree is entered into by the Department pursuant to its authority under sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.*, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613 (1986) ("CERCLA").  Pursuant to this authority and pursuant to CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), the undersigned signatories to this Decree each have agreed to the making and entry of this Consent Decree in settlement of the claims raised in the complaint.

The undersigned signatories to this Decree agree that the settlement of the claims asserted by the Plaintiff and the entry of this Consent Decree are made in good faith, in an effort to avoid expensive and protracted litigation and to benefit the environment and the community, without any admission or finding of liability or fault as to any allegation or matter.

///

///

///

///

///

Consent Decree

2

**NOW THEREFORE, it is ORDERED, ADJUDGED, and DECREED, as follows:**

**I.**        **JURISDICTION.**

1.      The Plaintiff and Settling Defendants agree that the United States District Court for the Northern District of California has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and CERCLA, 42 U.S.C. § 9601, *et seq.* Plaintiff and Settling Defendants expressly recognize that the United States District Court for the Northern District of California has jurisdiction to enter this Decree as a judgment of the Court. Plaintiff and Settling Defendants agree not to challenge this Court's jurisdiction to enforce the terms of this Decree once it has been entered, and this Court maintains jurisdiction over this Decree for that purpose.

**II.**        **PARTIES BOUND**

2.      The Plaintiff, as defined below, and the Settling Defendants, as defined below, are bound by this Consent Decree.

**III.**        **DEFINITIONS**

3.      Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in other regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

     a.      "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.*

     b.      "Consent Decree" shall mean this Consent Decree.

     c.      "Day" shall mean a calendar day unless expressly stated to be a working day.

     d.      "Department" shall mean California Department of Toxic Substances Control.

     e.      "Parties" shall mean Plaintiff and Settling Defendants.

     f.      "Plaintiff" shall mean the California Department of Toxic Substances Control.

     g.      "Response Costs" shall mean the costs associated with any removal, remedy, or remedial action taken with respect to the Site, including, without limitation, (i) enforcement activities related thereto, (ii) contractor costs, (iii) oversight costs and (iv) attorneys' fees.

     h.      "Settling Defendants" shall mean the Estate of Reitman, ex rel. Audrey

Consent Decree

3

1 | Berkson, Audrey Berkson, Executrix, and all successors in interest or assigns.

2 |            i.     "Site" shall mean three parcels of property in Oakland, California

3 | corresponding to 10301 Pearmain Street, 10319 Pearmain Street, and 10323 Pearmain Street which

4 | bearAssessor's Parcel Numbers 045-5243-001, 045-5243-002-01, and 045-5243-01.

5 | **III.**         **THE COMPLAINT**

6 |      4.     On May 29, 2007 the Department filed a Complaint against the Estate of Reitman,

7 | ex rel. Audrey Berkson, and Audrey Berkson, Executrix, pursuant to CERCLA, for costs the

8 | Department incurred in response to the release or threatened release of hazardous substances and/or

9 | wastes in, at, around, and from the Site. The Complaint seeks recovery of Response Costs incurred

10 | by the Department in monitoring, assessing, and evaluating the release or threatened release of

11 | hazardous substances and/or wastes in, at, from, and around the Site and in removing, remediating,

12 | and overseeing the removal and remediation of hazardous wastes or substances at the Site.

13 |      5.     The contaminants found at the Site include hazardous substances as defined by

14 | Section 101(14) of CERCLA, 42 U.S.C. § 9601(14). There have been releases of hazardous

15 | substances at the Site. The plating facility that operated at the Site is a "facility" as that term is

16 | defined by Section 101(9) of CERCLA, 42. U.S.C. §9601(9). The Estate of Reitman, ex rel. Audrey

17 | Berkson, and Audrey Berkson, Executrix, are persons as that term is defined by Section 101(21) of

18 | CERCLA, 42 U.S.C. §9601(21).

19 | **IV.**         **SITE BACKGROUND**

20 |      The following is a summary of the Site background as alleged by the Department which, for

21 | the purposes of this Decree, the Settling Defendants neither admit nor deny:

22 |      6.     The Estate of Reitman acquired the Site after decedent Abraham Reitman's death in

23 | 1991. Audrey Berkson is the Executrix of the Estate.

24 |      7.     The Site is located in a mixed residential/industrial area of Oakland, California. The

25 | K&L Plating Company ("K&L") operated as a metal plating facility at the Site for approximately

26 | four years. During that time, K&L generated zinc plating sludge; lead and chromium dust; copper,

27 | zinc and nickel cyanide waste streams; waste containing sodium hydroxide; and spent hydrochloric,

28 | boric, and nitric acids. Sludge was generated from an on-site plating bath solution treatment unit.

Consent Decree

8.      In May 1997, the Department inspected the K&L facility and noted several hazardous waste violations. Based on this inspection, the Department filed a complaint with the Alameda Superior Court. In July 1997, the Court ordered K&L to cease business operations and to properly dispose of all chemicals, materials, and other substances from the Site.

9.      In September 1997, hydrochloric acid leaked from a 1,500 gallon tank inside the bermed area of the K&L facility, resulting in an emergency response by the United States Environmental Protection Agency.

10.     In December 1998, the Department's contractor removed the remaining vats, tanks, drums, and miscellaneous debris at the Site. Soil, groundwater, and wipe samples from the facility indicated residual metals contamination on the walls and floors of the K&L facility; low levels of arsenic and metals in the subsurface soil; and variable levels of metals in the groundwater.

11.     The Department developed a Removal Action Workplan ("RAW") for the Site to address the residual contamination of structures, debris, and soil. A public participation plan was finalized in October 1999 and a draft RAW was made available for public review and comment in the spring of 2000. The RAW was finalized in June 2000.

12.     The Department's contractor began implementation of the RAW in August 2000. Decontamination activities included high-pressure triple rinsing of the floors and walls of the structures; removal of debris; collection of confirmation samples from the floors and walls; and collection of soil samples beneath the most deteriorated concrete in the facility. However, the confirmation sampling wipes showed residual metal contamination on the floors and walls.

13.     In 2001, the Estate of Reitman sold the 10323 Pearmain Street parcel to the current owners of that parcel. The current owners of 10323 Pearmain Street also acquired 10301 Pearmain Street and 10319 Pearmain Street through a foreclosure sale in 2002. The current owners acquired the three properties comprising the Site with the full knowledge that the properties were contaminated, and that the Department had incurred costs to investigate the contamination and to perform removal and remedial actions at the Site.

14.     In 2005, the Department and the current owners entered into a Settlement Agreement and Consent Order, under which the current owners agreed to pay $92,000.00 over a four-year term

Consent Decree

5

1    in monthly installments of $1533.33. They also agreed to remove the concrete surfaces in the

2    building located at 10323 Pearmain Street and to conduct confirmatory sampling.

3        15.    On May 10, 2006 the Department issued a Certification Letter acknowledging that

4    no further actions were required to remedy environmental conditions at the Site.

5    **V.        OBLIGATIONS OF SETTLING DEFENDANTS**

6        **Payment to the Department.**

7        16.    Within thirty (30) days after the effective date of this Decree, Settling Defendants

8    shall make payment to the Plaintiff in the amount of $135,000. This payment shall be made by

9    check payable to the "California Department of Toxic Substances Control" and shall be sent to:

10       Accounting Unit
         California Department of Toxic Substances Control
11       P.O. Box 806
         Sacramento, California 95812-0806
12
     The check shall reference the "Pearmain Site" and the docket number of this Consent Decree, as well
13
     as the Site Code, 200957. Copies of the check and of the letter transmitting the check shall be
14
     simultaneously sent to:
15

16       Barbara Cook                              Deborah Slon
         Regional Branch Chief                     Deputy Attorney General
17       Department of Toxic Substances Control    California Department of Justice
         700 Heinz Avenue, Suite 200               1300 I Street
18       Berkeley, California 94710                 Sacramento, CA 95814

19
     **VI.        COVENANTS NOT TO SUE.**
20
         **Department's Covenant Not to Sue.**
21
         17.    In consideration of the payments that Settling Defendants will make pursuant to the
22
     terms of this Consent Decree, the Plaintiff covenants (1) not to sue or take administrative action
23
     against Settling Defendants for any past, present or future Response Costs incurred by, or on behalf
24
     of, the Department with respect to the Site; and (2) not to take any legal or administrative action that
25
     seeks to compel Settling Defendants to take any response action at the Site. Entry of this Decree
26
     resolves the claims that the Plaintiff has asserted in the present action against Settling Defendants
27
     and those which could have been asserted regarding response actions at the Site.
28

Consent Decree

**Limitations on Covenants Not to Sue.**

18.    Settling Defendants are not released from any matter not expressly addressed by this Consent Decree, and the Plaintiff's Covenants Not to Sue do not apply to the rights reserved in Section VII of this Decree (Reservation of Rights).

**Reservation of Claims Against Other Persons.**

19.    Nothing in this Consent Decree shall constitute or be construed as a release or covenant not to sue regarding any claim or cause of action against any person (as defined in Section 101(21) of CERCLA) or any other entity who is not a party to this Consent Decree, for any liability he, she or it may have arising out of or relating to the Site.  The Plaintiff expressly retains all of its rights, claims and causes of action against all persons except Settling Defendants.

**Settling Defendants' Covenant Not to Sue.**

20.    Settling Defendants hereby covenant not to sue or assert any claims, causes of action or claims for reimbursement against the Plaintiff arising out of any matters relating to the Site or this Consent Decree.

**VII.        RESERVATION OF RIGHTS.**

**Obligations Under this Decree.**

21.    In the event the Plaintiff initiates any legal proceedings against Settling Defendants for non-compliance with this Consent Decree, Settling Defendants shall not contest their obligation to fully comply with this Consent Decree.  In such proceedings, Settling Defendants may raise any defenses that are relevant to the issue of whether or not they have complied with the terms of the Decree.

**Claims Regarding Other Sites.**

22.    Nothing in this Consent Decree is intended or shall be construed to limit the rights of the Plaintiff with respect to claims arising out of or relating to the deposit, release or disposal of hazardous substances at any location other than the Site subject to this Decree.

**Claims Against Other Persons and Entities.**

23.    The Plaintiff retains all of its legal and equitable rights against all persons except Settling Defendants.  The legal and equitable rights retained by the Plaintiff include, but are not

Consent Decree

1   limited to: the right to compel any such person to take response actions for hazardous substance

2   contamination at the Site and to seek reimbursement against such persons for costs incurred by the

3   Plaintiff as a result of such contamination.

4           **Claims Against Defendants**.

5         24.     Notwithstanding any other provision of this Decree, Plaintiff reserves the right to

6   assert, and any covenants not to sue or other recitals in this Decree shall not apply with respect to,

7   any claims or causes of action against Settling Defendants, either administrative or judicial, arising

8   from:

9             a.     Settling Defendants' introduction of any hazardous substance, pollutant, or

10   contaminant to the Site in the future;

11            b.     Future overt acts by Settling Defendants that cause the exacerbation of the

12   hazardous conditions existing at the Site.

13            c.     Settling Defendants' acquisition of an ownership interest in the Site in the

14   future;

15            d.     Settling Defendants' transportation or disposal of hazardous substances from

16   the Site to another location;

17            e.     Any claim based on a failure of Settling Defendants' to meet the obligations

18   of this Decree;

19            f.     Claims based on liability arising from the past, present, or future disposal of

20   hazardous substances at sites or locations other than the Site; or

21            g.     Claims based on the Department's authority to enforce any state or federal law

22   or regulation, except as expressly provided herein.

23           **Other Rights Reserved.**

24         25.     Except as otherwise provided in this Decree, the Plaintiff expressly reserves all rights

25   and defenses that it may have.

26   **VIII.**           **CONTRIBUTION PROTECTION.**

27         26.     With regard to claims for contribution against Settling Defendants, the Parties agree,

28   and the Court finds as follows:

Consent Decree

a.  This Consent Decree constitutes a judicially approved settlement within the meaning of CERCLA § 113(f)(2).

b.  Settling Defendants have resolved their liability for Response Costs incurred by or on behalf of the Department with respect to the Site by (i) any past, present or future owner or operator of the Site, or (ii) any party, person or entity who may seek contribution or indemnity under CERCLA or any other state or federal law.  Settling Defendants are therefore entitled to the contribution protection provided by CERCLA § 113(f)(2).

d.  This settlement is a good faith settlement for the purposes of California Code of Civil Procedure Section 877.6.

c.  Nothing in this Section shall limit the Plaintiff's or Settling Defendants' rights against any third person or entity that is not a party to this Decree, including, without limitation, the Department's right to enforce a cleanup of the Site and to recover any Response Costs associated with that cleanup.

Dated:  August 8, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DEBORAH R. SLON
Deputy Attorney General
Attorneys for Plaintiff California Department of Toxic
Substances Control

RICHARD C. COFFIN
Attorney for Defendants Estate of Reitman, ex rel. Audrey
Berkson and Audrey Berkson, Executrix

consent decree edits july 17.wpd
SA2007600299

Consent Decree

9

1    In the case of *California Department of Toxic Substances Control v. Estate of*

2  *Reitman, ex rel. Audrey Berkson and Audrey Berkson, Executrix*, IT IS SO ADJUDGED,

3  DECREED, AND ORDERED.

4

5

6

7  _____          _____
            Date                                                  Honorable Wayne D. Brazil
8                                                                      Magistrate Judge

9

10

11

12

13

14

15  30335453 wpd
    SA2007600299
16

17

18

19

20

21

22

23

24

25

26

27

28

Consent Decree